**SO ORDERED.**

**SIGNED this 24 day of May, 2011.**



_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE

_____

OPINION DESIGNATED FOR ONLINE PUBLICATION
BUT NOT PRINT PUBLICATION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **RICHARD PAUL CLARK and** | ) | **Case No. 09-41319** |
| **ROBIN LYNN CLARK,** | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| **PATRICIA E. HAMILTON, Trustee of the** | ) | |
| **Bankruptcy Estate of Richard P. and** | ) | |
| **Robin L. Clark,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. No. 11-7007** |
| | ) | |
| **CITIMORTGAGE, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
## MOTION TO AMEND COMPLAINT

This matter is before the Court on Plaintiff's Motion to Amend Complaint.[1]  Both parties have submitted briefs in support of their respective positions, and the Court is ready to rule.  This matter constitutes both a core proceeding and a proceeding related to the underlying bankruptcy case, and the Court has jurisdiction to hear it.[2]

The Plaintiff, Patricia Hamilton ("Trustee"), filed this adversary proceeding on February 15, 2011, by filing an eight-count adversary complaint against Defendant, CitiMortgage, Inc. ("CitiMortgage").  The Trustee now seeks to join the Federal National Mortgage Association ("Fannie Mae") as a party defendant, arguing that Fannie Mae is a necessary party because CitiMortgage is, at best, an agent of the real party in interest, Fannie Mae, and the rights related to Fannie Mae's interest in Debtors' property cannot be resolved without including that entity in this adversary proceeding.  The Trustee contends that she was unaware at the time this case was filed that CitiMortgage was not the beneficial owner of the note or mortgage on Debtors' property, or that the beneficial interest in the note and mortgage had been apparently sold to Fannie Mae.

The Trustee brings this motion pursuant to Fed. R. Civ. P. 15(a)(2),[3] which provides that amendments to the pleading, other than those made within 21 days of service of the pleading or within 21 days of the service of a response to the pleading by the opposing party, whichever is earlier, may only be filed by the opposing party's written consent, or by leave of the court.  As noted

---

[1]Doc. 23.

[2] *See* 28 U.S.C. § 157(b)(2)(B), (F), (H) and (K) (core proceedings) and § 157(b)(1) (authority to hear core proceedings) and § 157(c)(1) (authority to hear non-core proceedings that are related to a case under the Bankruptcy Code).

[3]Fed. R. Civ. P. 15 is made applicable in adversary proceedings pursuant to Fed. R. Bank. P. 7015.

2

in Rule 15(a)(2), "[t]he Court should freely give leave when justice so requires."[4] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[5] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's sound discretion and will not be disturbed absent an abuse of that discretion.[6]

The Trustee claims that Fannie Mae should be added on the basis that it is an indispensable party pursuant to Fed. R. Civ. P. 19(a). According to the Trustee, she is seeking, at least in part, remedies that directly affect Fannie Mae's rights and interest in the mortgage and note. The Trustee is also asserting claims directly against Fannie Mae. She contends those claims thus cannot be decided solely through having Fannie Mae's agent, CitiMortgage, as a defendant in this case.

In response to the motion to amend the complaint, CitiMortgage claims that it is the only appropriate party to this proceeding because "it stands in the shoes of Fannie Mae concerning the residential mortgage foreclosure at issue and the servicing events that give rise to certain of the Trustee's claims." In support of this claim, CitiMortgage relies on the Court's recent decision in *Martinez v. Mortgage Electronic Registration Systems, Inc. (In re Martinez).*[7]

In *Martinez*, the Court held that Countrywide Home Loans, Inc., as the holder of a note, was entitled to enforce that note in its own name, without the need to add Fannie Mae, who was the

---

[4]Fed. R. Civ. P. 15(a)(2).

[5]*Frank v. U.S. West, Inc.* 3 F.3d 1357, 1365 (10th Cir. 1993).

[6]*Woolsey*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[7]___ B.R. ___, 2011 WL 1519877 (Bankr. D. Kan. 2011).

beneficial owner of the note, as a party to the action. This holding was based upon Kansas law that specifically gives the holder of a note the power to enforce the note in a foreclosure action, regardless of whether the holder was also the beneficial owner of the note.

The Court finds that holding in *Martinez* is not relevant to the issue currently before the Court. The holding in *Martinez* concerning the need to add Fannie Mae arose in the context of whether Fannie Mae was a necessary party to a foreclosure proceeding. First, the Court did not decide in *Martinez* that Fannie Mae was not an appropriate party to that action, only that it was not a necessary party. Second, the Court found that Fannie Mae was not a necessary party because Kansas law afforded Countrywide, as the holder of the note, the right to enforce the note in its own name. CitiMortgage attempts to apply that holding in a context that is completely different from that in *Martinez*.

The Trustee in this case is not contesting whether CitiMortgage could enforce the note in its own name or to bring a stay relief motion. Rather, the Trustee is not only bringing causes of action that could directly affect Fannie Mae's own property interest in the subject property by stripping Fannie Mae of its interest in the note and/or mortgage, but she is also seeking a money judgment against Fannie Mae based upon actions of its agent, CitiMortgage. Although CitiMortgage has shown that it has the authority to act independently of Fannie Mae in actions to enforce the note, CitiMortgage has not shown that it stands in the shoes of Fannie Mae for any and all legal proceedings brought against Fannie Mae that in any fashion relate to the note and mortgage to which CitiMortgage serves as a servicer.

Accordingly, the Court finds it is clearly appropriate to include Fannie Mae in a proceeding where money damages are sought directly against that third party, or where there is no evidence that

4

the agent has full authority to represent the principal's interest in the particular action. Therefore, the Court finds that Plaintiff's motion for leave to amend the complaint should be granted.

The Trustee has set forth claims in the proposed amended complaint, which was properly attached to the motion for leave to amend, that support the addition of Fannie Mae as a party to this action. The Court notes that there has been no undue delay in bringing this motion, as it was filed only seven days after CitiMortgage filed its answer and before any discovery had commenced. The Trustee has indicated that she was not aware that the beneficial interest in the note had been sold to Fannie Mae at the time the complaint was filed, and she brought the current motion within a reasonable period of time after learning of that fact. This is the Trustee's first request to amend the petition, and CitiMortgage has made no showing that the requested amendment is futile or in any way prejudicial to CitiMortgage.

**IT IS, THEREFORE, BY THE COURT ORDERED** that the Trustee's Motion to Amend Complaint[8] is granted. The Trustee is ordered to file the amended complaint within 14 days from the date of this order and serve it in compliance with the Federal Rules of Bankruptcy Procedure.

###

---

[8]Doc. 23.

5