**SO ORDERED.**

**SIGNED this 24 day of May, 2011.**



_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE

_____

OPINION DESIGNATED FOR ONLINE PUBLICATION
BUT NOT PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RICHARD PAUL CLARK and | ) | Case No. 09-41319 |
| ROBIN LYNN CLARK, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| PATRICIA E. HAMILTON, Trustee of the | ) | |
| Bankruptcy Estate of Richard P. and | ) | |
| Robin L. Clark, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 11-7007 |
| | ) | |
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS COUNT IV OF THE ADVERSARY COMPLAINT**

This matter is before the Court on Defendant CitiMortgage, Inc's ("CitiMortgage") Motion to Dismiss Count IV of the Adversary Complaint.[1] Both parties have submitted briefs in this matter, and the Court is ready to rule.[2] This matter constitutes both a core proceeding and a proceeding related to the underlying bankruptcy case, and the Court has jurisdiction to hear it.[3]

The Plaintiff, Patricia Hamilton ("Trustee"), filed this eight-count adversary complaint against CitiMortgage on February 15, 2011. Count I seeks a determination of the validity, priority or extent of CitiMortgage's lien or other interest in Debtors' property located in Manhattan, Kansas. Count II alleges that CitiMortgage made a fraudulent transfer of Debtors' property on or about March 2009, and that the Trustee is entitled to avoid that transfer pursuant to 11 U.S.C. § 548(a)(1)(B)[4] and recover the value of the property for the benefit of the bankruptcy estate under § 550(a). Count III alleges that CitiMortgage made a preferential transfer of Debtors' interest in the property within 90 days before the petition was filed, and that the Trustee is entitled to avoid that transfer pursuant to § 547(b) and recover the property for the benefit of the bankruptcy estate pursuant to § 550(a). Count IV seeks damages for an alleged violation of the Fair Debt Collection Practices Act[5] by CitiMortgage. Count V seeks damages for an alleged violation of the Kansas Consumer Protection

---

[1] Doc. 19.

[2] CitiMortgage filed its initial brief in support of the motion to dismiss (Doc. 20) and the Trustee has filed a response (Doc. 35). CitiMortgage has elected to not file a reply brief in support of its motion, as allowed by LBR 7012.1(b), and the deadline for doing so has expired.

[3] *See* 28 U.S.C. § 157(b)(2)(B), (F), (H) and (K) (core proceedings) and § 157(b)(1) (authority to hear core proceedings) and § 157(c)(1) (authority to hear non-core proceedings that are related to a case under the Bankruptcy Code).

[4] All future statutory references are to the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. §§ 101 - 1532 (2005), unless otherwise specifically noted.

[5] 15 U.S.C. § 1692.

2

Act[6] by CitiMortgage. Counts VI, VII and VIII seek damages for alleged state law tort claims including tortious interference with a contractual relationship, trespass, and conversion.

CitiMortgage filed the current motion to dismiss, seeking only to dismiss Count IV of the complaint pursuant to Fed. R. Civ. P. 12(b)(6).[7] According to CitiMortgage, the Trustee has failed to state a claim upon which relief can be granted in Count IV because CitiMortgage's relationship with Debtors is that of a creditor—and creditors are specifically exempt from actions under the Fair Debt Collections Practices Act.[8] The Trustee counters the motion to dismiss by arguing that the status of CitiMortgage as a creditor is at issue in this case, and that more discovery is needed to determine CitiMortgage's true relationship to the Debtors.

To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.[9] In order to meet the plausibility standard, in the context of a motion to dismiss, the plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] The Trustee suggests three possible scenarios that, with additional discovery, may exist that could support her claim under the FDCPA: (1) if Fannie Mae (who is allegedly the beneficial owner of the note) is the creditor to whom the debt is owed, then Fannie Mae would be collecting a debt in the name of a third party (CitiMortgage) who would be a debt collector; (2) CitiMortgage can be

---

[6] K.S.A. 50-623, *et seq.*

[7] Fed. R. Civ. P. 12(b) is made applicable in adversary proceedings pursuant to Fed. R. Bankr. P. 7012(b).

[8] *See, e.g. Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692(a) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.").

[9] *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007).

[10] *Aschcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

considered a debt collector because it is in the business of foreclosing and repossessing real property that is in default; and (3) if Fannie Mae purchased the note and/or mortgage when it was in default, Fannie Mae and its agent, CitiMortgage, would be considered debt collectors. CitiMortgage elected not to file a response in further support of its Motion to Dismiss, and therefore has made no attempt to rebut Plaintiff's position that it is plausible facts could exist under which Count IV would be actionable.

The Court therefore agrees with the Trustee that it is premature to dismiss Count IV of the complaint, before the Trustee has conducted any discovery. The Motion was filed even before the disclosures required by Fed. R. Bankr. P. 7026 were due in this case, and before the parties' Planning Meeting, and thus Plaintiff has had no opportunity to learn the facts upon which the Motion is at least in part based. Although CitiMortgage may ultimately not be subject to liability under the FDCPA, the Court will allow the Trustee an opportunity to conduct discovery on that matter.

The Court finds that allowing this discovery will not place any undue burden on CitiMortgage, as the motion to dismiss only addresses one of the eight counts brought in the complaint, and the discovery the Trustee wishes to pursue in regard to Count IV is central to other issues in this case. CitiMortgage is free to again seek dismissal or summary judgment at the close of discovery, if the facts show that the Trustee's claim under the FDCPA fails as a matter of law.

**IT IS, THEREFORE, BY THE COURT ORDERED** that because Defendant has not sustained its burden of demonstrating that not enough facts exist for Trustee to state a claim for relief that is plausible on its face, its Motion to Dismiss Count IV of the Adversary Complaint is denied, without prejudice.

###